813 F.2d 1229
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
TRI-STATE DEVELOPMENT CORPORATION, Plaintiff-Appellee,
v.
METRIC CONSTRUCTORS, INC., Defendant-Appellant.
 No. 86-1637.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 7, 1987.
Decided March 4, 1987.
 
 Before HALL, Circuit Judge, BUTZNER, Senior Circuit Judge, and SIMONS, Senior United States District Judge for the District of South Carolina, sitting by designation.
 Herbert William Hamilton (Whaley, McCutchen, Blanton & Rhodes, on brief), for appellant.
 Melvin Lee Roberts (Melvin L. Roberts & Associates, on brief), for appellee.
 PER CURIAM:
 
 
 1
 Metric Constructors, Inc. ("Metric") appeals a judgment of the district court entered upon a jury verdict in favor of plaintiff, Tri-State Development Corporation ("Tri-State"), in this diversity action brought against Metric for breach of contract. Metric also appeals the denial of its motion for judgment notwithstanding the verdict ("JNOV") or, in the alternative, for a new trial. We affirm.
 
 
 2
 The evidence adduced at trial showed that in July, 1984, Tri-State, a minority business enterprise, entered into a contract with Metric to install sewer pipe as part of a federally financed construction project for the city of Columbia, South Carolina. The contract required Metric to make progress payments to Tri-State in amounts equal to the value of its completed work. The contract also provided that all payments from Metric were to be held in trust by Tri-State to pay for labor, materials and services for the project before the funds were to be used for any other purpose. In the event that Tri-State failed to comply with the terms of the agreement or became insolvent, Metric had the right, after first giving notice to Tri-State, to terminate the contract or take other steps to complete the work and to recover any losses.
 
 
 3
 Between November, 1984, and February, 1985, Metric made progress payments to Tri-State pursuant to the agreement. In March, 1985, however, Metric terminated the contract, claiming that Tri-State was insolvent, had failed to pay its suppliers, and had failed to cure its financial problems. Tri-State maintained that, to the contrary, Metric forced it to leave the job after it had performed substantially all of the work and refused to honor the contract with progress payments for completed work. According to plaintiff, Metric's refusal to pay Tri-State either directly or jointly with its suppliers, as the contract allowed, caused its financial problems and excused its further performance under the contract.
 
 
 4
 After hearing the conflicting evidence, the jury returned a verdict in favor of Tri-State in the amount of $46,594.63 on the breach of contract claim. The jury also awarded plaintiff an additional $125.00 for defendant's conversion of some of Tri-State's equipment. Following the denial of its motion for JNOV or, in the alternative, for a new trial, defendant appealed.
 
 
 5
 On appeal, Metric contends that it was entitled to withhold plaintiff's final pay request, to demand reasonable assurance of performance, and to ultimately terminate the contract due to Tri-State's insolvency and failure to abide by the terms of the agreement. Appellant also argues that it was entitled to credit for certain payments which it made to Tri-State's suppliers and that the jury's verdict of conversion is not supported by the record.
 
 
 6
 Upon consideration of the record, briefs, and oral argument, we find appellant's contentions to be without merit. There is substantial evidence in the record to support the jury's verdict in favor of plaintiff. Finding no error in the proceedings below, we accordingly affirm the judgment of the district court and its order denying appellant's motion for JNOV or a new trial.
 
 
 7
 AFFIRMED.